IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KARLISS SCOTT, on behalf of<br>Daniel McQuarters, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | Case No. 09-0196-CV-W-GAF-SSA |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | )<br>)<br>)<br>) | |
| Defendant. | ) | |

## ORDER

Plaintiff filed an application for supplemental security income (SSI) benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq*. The application was denied initially. On October 20, 2008, following a hearing, an administrative law judge (ALJ) found that Plaintiff was not under a "disability" as defined in the Social Security Act. The ALJ found that although Plaintiff had the impairments of attention deficit hyperactivity disorder (ADHD) and adjustment and major depressive disorders that were severe in combination, those impairments were not so severe that they met, medically equaled, or functionally equaled one of the childhood disability impairment listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, Part B. The ALJ found Plaintiff was not disabled.

On February 18, 2009, the Appeals Council of the Social Security Administration denied Plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner subject to appeal herein.

The standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a

whole. *See Johnson v. Chater*, 108 F.3d 178, 179 (8th Cir. 1997). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. *See Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). As long as substantial evidence in the record supports the Commissioner's decision, the court may not reverse it either because substantial evidence exists in the record that would have supported a contrary outcome or because the court would have decided the case differently. *See Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001). "Evidence that detracts from the [Commissioner's] decision is considered, but even if inconsistent conclusions may be drawn from the evidence, the decision will be affirmed where the evidence as a whole supports either outcome." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003). The Court will not re-weigh the evidence of record. *See Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004); *Baldwin*, 349 F.3d at 555. The Court should "disturb the ALJ's decision only if it falls outside the available 'zone of choice.' A decision is not outside that 'zone of choice' simply because we may have reached a different conclusion had we been the fact finder in the first instance." *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006) (citations omitted). The Eighth Circuit has noted that "[w]e defer heavily to the findings and conclusions of the SSA." *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).[1]

To be considered "disabled" within the meaning of the Act, a child must have a "medically determinable physical or mental impairment, which results in marked and severe functional limitations," and which either lasts or can be expected to last for a continuous period

---

[1] Upon review of the record and the law, the Defendant's position is found to be persuasive. Much of the Defendant's brief is adopted without quotation designated.

of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). Plaintiff has the burden to show he meets or equals the criteria. *See Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004). A three-step sequential evaluation process provides the backbone for determining whether a SSI claimant under the age of 18 is disabled and thus entitled to benefits. 20 C.F.R. § 416.924(a). In this case, the ALJ found in the first two steps that Plaintiff had not engaged in substantial gainful. activity and that he had a combination of the impairments of ADHD and adjustments and major depressive disorders that was severe. *See* 20 C.F.R. § 416.924(a).

At step three of the evaluation process, the ALJ determines whether a child's impairments meet, medically equal, or functionally equal the severity of a listed impairment set forth in Appendix 1 of 20 C.F.R. Part 404, Subpart P. *See* 20 C.F.R. §§ 416.924(a). If not, the child will be found not disabled. See 20 C.F.R. § 416.924(d). If the ALJ Finds that a child's impairments do not meet or medically equal a listed impairment, the ALJ will assess all functional limitations caused by the child's impairments in six "domains" of functioning to determine whether the limitations functionally equal the listings. *See* 20 C.F.R. § 416.926(a). The six domains of functioning are: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *See* 416.926a(b)(1). The evaluation of age-appropriate functioning within each domain focuses on the child's abilities and limitations; where the child has difficulty; the quality of any limitations; and the kind, extent, and frequency of help that the child needs. *See* 20 C.F.R. § 416.926a(b)(2). A finding of functional equivalence will be made when a child has an "extreme" limitation in one domain of functioning or "marked" limitations in at least two domains. *See* 20 C.F.R. § 416.926a(e).

In the present case, at step three the ALJ determined that Plaintiff's impairments were not of a severity that met or medically equaled the severity of any listed impairment. The ALJ then evaluated functional equivalence and determined Plaintiff had limitations that were "less than marked" in two domains, acquiring and using information and attending and completing tasks; and had no limitations in the other domains of interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being. The ALJ concluded that Plaintiff was not disabled.

Plaintiff argues that the ALJ erred by failing to afford appropriate weight to Ms. Meyers' statement that Plaintiff had "marked" limitations in two functional domains. Plaintiff asserts that the ALJ erred because Ms. Meyers is a nurse practitioner whose opinion indicates Plaintiff is disabled. The ALJ appropriately considered the assessment of Ms. Meyers, and the decision to afford the assessment little weight is supported by substantial evidence on the record as a whole.

In evaluating Ms. Meyers' statement, the ALJ properly cited the regulations and Social Security Rulings (SSRs) relevant to evaluating medical opinion and other source evidence, and noted that, as a nurse practitioner, Ms. Meyers was not an acceptable medical source. Under the regulations, a nurse practitioner such as Ms. Meyers is not an "acceptable medical source" who can provide a medical opinion, but is an important "other" medical source whose information the ALJ must consider. *See Tindell v. Barnhart*, 444 F.3d 1002, 1005 (8th Cir. 2006) ("By definition then, the controlling weight afforded to a 'treating source' 'medical opinion' is reserved for the medical opinions of the claimant's own physician, psychologist, and other acceptable medical source.")' SSR 06-03p. Under SSR 06-03p, "other sources" who may provide information that

4

should be considered include educational personnel; family members; and medical sources who are not acceptable medical sources, such as nurse practitioners.  *See* SSR 06-03p.

In this case, the ALJ appropriately considered the statement from Ms. Meyers as the opinion of an "other source" in light of the full record evidence, which included Plaintiff's mother's testimony and his recorded response to medication, and determined that the conclusion that Plaintiff was disabled should be accorded little weight.  The ALJ specifically noted that Ms. Meyers herself stated that her opinion was based on Plaintiff's condition when he did not take medication.  The ALJ carefully considered the statement and evaluated its consistency with the record, as required, and thus Plaintiff's argument that the ALJ failed to appropriately consider Ms. Meyers' statement is without merit.

The ALJ appropriately afforded Ms. Meyers' disability conclusion little weight, and evaluated the record as a whole when considering the functional domains of acquiring and using information and attending and completing tasks.  In performing the functional equivalence analysis, the ALJ found Plaintiff had "less than marked" limitations in both domains cited by Ms. Meyers, a finding supported by substantial evidence in the record.  In considering the domains of acquiring and using information and attending and completing tasks, the ALJ noted Plaintiff had not repeated any grades, received no special education services, was keeping up with his peers, and was only periodically disciplined for behavior problems.  The evidence showed that so long as Plaintiff took medication, his symptoms were minimal and he was a good student.  For the remaining four domains, specifically interacting and relating with others, moving about and manipulating objects, caring for onself, and health and physical well-being; the ALJ properly

5

noted that Plaintiff was a social, physically able child who appropriately handled his own personal care and safety.

Moreover, even had the ALJ afforded great weight to Ms. Meyers' statement, Plaintiff would still not have been found disabled, as Ms. Meyers specified that Plaintiff's limitations were only at a marked level when he did not take his medication, and there is no evidence in the record Plaintiff was noncompliant with treatment. "If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004) (citations and quotations omitted). The record showed that with medication, Plaintiff's symptoms were, at most, mild, and thus his condition was not sufficiently severe to be considered disabling. Plaintiff's fourth-grade teacher noted he was a "good student" when he took medication, and Ms. Meyers similarly noted that Plaintiff's symptoms were assuaged when he took medication. Plaintiff and his mother also testified that he took his medication, and that his symptoms were lessened when he did so.

The ALJ also properly assessed the credible degree of the subjective allegations presented by Plaintiff's mother, who alleged Plaintiff was disabled. In a child's SSI case, the ALJ must make specific findings concerning credibility of a parent's testimony, just as he would if child were testifying for himself. *See* 20 C.F.R. § 416.928(a). In this case, the ALJ considered the testimony of Plaintiff and his mother in light of the full record evidence, which showed a child whose impairment was, at most, mild when he took medication; who took his medication; and who was promoted appropriately in school. The ALJ noted that although Plaintiff's mother testified he had no friends, this statement was contradicted by Plaintiff and Dr. Cannon. The ALJ also specifically noted the effect of Plaintiff's medications, which controlled his symptoms.

The ALJ properly found that the subjective assertions of disabling symptoms were not credible to the extent they were inconsistent with the finding that Plaintiff's condition did not functionally equal the listings.

The ALJ appropriately articulated the inconsistencies upon which she relied in discrediting the testimony of disabling impairments, and because substantial evidence in the record supports this finding, this Court should affirm the ALJ's finding. *See Eichelberger v. Barnhart*, 390 F.3d 584, 490 (8th Cir. 2004) ("We will not substitute our opinion for that of the ALJ, who is in a better position to assess credibility."); *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003) ("The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts.").

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

s/ Gary A. Fenner  
Gary A. Fenner, Judge  
United States District Court

DATED: March 2, 2010